**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STONER, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a municipal entity, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | **CASE NO.: 5:16-CV-01045**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Force)**<br><br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>3. **Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**<br><br>4. **Negligence (Cal. Government Code §§ 815.2(a), 820(a))**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff SCOTT STONER (hereinafter "Plaintiff") is, and at all relevant times mentioned herein was, residing in the County of Riverside, State of California.

4. Defendant COUNTY OF RIVERSIDE (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that the heretofore unknown Defendant DOE Deputies are, and at all relevant times mentioned herein were, residents of the County of Riverside and State of California. Further, at all times relevant to the acts and omissions herein alleged, said DOE Deputies were sheriff's deputies employed by the Defendant COUNTY and the Riverside County Sheriff's Department, and were acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department.

6. On or around December 2, 2015, a timely Claim for Damages was submitted to the County of Riverside in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

7. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8. Each of the individual DOE Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

9. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10. This Complaint arises out of an incident that occurred during the early morning hours of Saturday, June 6, 2015, at or around the intersection of Hansen Avenue and Countour Avenue in the City of Nuevo, County of Riverside, and State of California. During the early morning hours of June 6, 2015, Plaintiff was at or around the intersection of Hansen Avenue and Countour Avenue and in an area adjacent to his motor vehicle when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, detained Plaintiff following a vehicle pursuit.

11. Without warning, the Defendant DOE Deputies proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through unreasonable, unlawful, and repeated applications of blunt force trauma, through acts which included, but were not limited to, excessive baton strikes to Plaintiff's person, forceful kicks to Plaintiff's

person, and repeated punches to Plaintiff's person, as well as other unreasonable and unlawful applications of force, resulting in severe injuries to Plaintiff's person. The DOE Deputies further subjected Plaintiff to extensive bite injuries resulting from an unreasonable and excessive deployment of a K-9 officer, which caused Plaintiff to suffer severe, permanent, and debilitating injuries to his legs. Following the use of force incident, the involved deputies denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. Throughout the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not resisting the involved deputies, did not undertake any actions which would have led a reasonable sheriff's deputy to believe that he posed the risk of violence to any person, and did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

12. Both prior to and during the time in which the Defendant DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the DOE Deputies, nor to any other individual. Both prior to and during the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not resisting arrest or obstructing the DOE Deputies in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, the DOE Deputies were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Plaintiff posed a risk of injury to any person.

## FOR THE FIRST CAUSE OF ACTION

### (By Plaintiff SCOTT STONER Against the Heretofore Unknown Defendant DOE Deputies for Violations of Civil Rights [42 U.S.C. § 1983])

### (Based on Unreasonable Use of Force)

13. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

14. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

15. Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including the Defendant DOE Deputies. The COUNTY provided its individual Defendant employees and agents, including the DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the COUNTY and the Riverside County Sheriff's Department.

16. Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions herein alleged, the Defendant DOE Deputies were employed by the Defendant COUNTY and the Riverside County Sheriff's Department and were acting under color of law and in the course and scope of their employment with the COUNTY and the Riverside County Sheriff's Department.

17. During the early morning hours of Saturday, June 6, 2015, Plaintiff was at or around the intersection of Hansen Avenue and Countour Avenue in the City of Nuevo and County of Riverside and in an area adjacent to his motor vehicle when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Riverside County Sheriff's Department, detained Plaintiff following a vehicle pursuit.

18. Without warning, the Defendant DOE Deputies proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through unreasonable, unlawful, and repeated applications of blunt force trauma, through acts which included, but were not limited to, excessive baton strikes to Plaintiff's person, forceful kicks to Plaintiff's person, and repeated punches to Plaintiff's person, as well as other unreasonable and unlawful applications of force, resulting in severe injuries to Plaintiff's person. The DOE Deputies further subjected Plaintiff to extensive bite injuries resulting from an unreasonable and excessive deployment of a K-9 officer, which caused Plaintiff to suffer severe, permanent, and debilitating injuries to his legs. Following the use of force incident, the involved deputies denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. Throughout the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not resisting the involved deputies, did not undertake any actions which would have led a reasonable sheriff's deputy to believe that he posed the risk of violence to any person, and did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

19. Both prior to and during the time in which the Defendant DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the DOE Deputies, nor to any other individual. Both prior to and during the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not resisting arrest or obstructing the DOE Deputies in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of

weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, the DOE Deputies were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

20. At all times mentioned herein, the Defendant DOE Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. The DOE Deputies deprived Plaintiff of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21. Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Deputies, which proximately caused severe injuries to Plaintiff which include, but are not limited to, severe, permanent, and debilitating injuries to Plaintiff's legs.

22. Plaintiff is informed and believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the DOE Deputies in an amount to be proven at the trial of this matter.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

23. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the DOE Deputies, Plaintiff was assaulted and battered and subjected to unreasonable and excessive force and to the unreasonable and excessive deployment of a K-9 officer on June 6, 2015, and suffered severe injuries which include, but are not limited to, severe, permanent, and debilitating injuries to his legs.

24. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

25. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

26. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION
**(By Plaintiff SCOTT STONER Against Defendant COUNTY OF RIVERSIDE for Violations of Civil Rights [42 U.S.C. § 1983])**
**(Based on an Unconstitutional Policy, Practice, or Custom)**

27. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

28. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

29. Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including the Defendant DOE Deputies. The COUNTY provided its individual Defendant employees and agents, including the DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the COUNTY and the Riverside County Sheriff's Department.

30. As set forth in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, violated the Fourth Amendment rights of Plaintiff by acts which included, but were not limited to, assaulting and battering Plaintiff, subjecting Plaintiff to unreasonable and excessive force, and subjecting Plaintiff to the unreasonable and excessive deployment of a K-9 officer. As set forth in the foregoing paragraphs of this Complaint, the DOE Deputies' use of unreasonable and excessive physical force against Plaintiff, and the conduct of the DOE Deputies in subjecting Plaintiff to the unreasonable and excessive deployment of the K-9 officer, was an unconstitutional display of an unreasonable seizure, and of the excessive use of force, which violated Plaintiff's Fourth Amendment right to be free from unreasonable governmental seizures of his person.

31. Plaintiff is informed and believes, and thereupon alleges, that at all times relevant to the acts and omissions alleged in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted pursuant to a longstanding official practice or custom of the Defendant COUNTY and the Riverside County Sheriff's Department, through which, prior to June 6, 2015, Riverside County Sheriff's Department deputies employed

unreasonable and excessive force in a manner that violates civilians' Fourth Amendment rights to be free from the unreasonable use of force with such frequency and regularity that, prior to June 6, 2015, Riverside County Sheriff's Department deputies' unreasonable uses of force had become a widespread and well settled practice or custom within the Riverside County Sheriff's Department.

32. Plaintiff is further informed and believes, and thereupon alleges, that at all times relevant to the acts and omissions alleged in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted pursuant to a longstanding official practice or custom of the Defendant COUNTY and the Riverside County Sheriff's Department, through which, prior to June 6, 2015, Riverside County Sheriff's Department deputies deployed K-9 officers in an unreasonable and excessive manner, and in a manner that violates civilians' Fourth Amendment rights to be free from the unreasonable use of force, with such frequency and regularity that, prior to June 6, 2015, the deployment of K-9 officers in an unreasonable and excessive manner by Riverside County Sheriff's Department deputies had become a widespread and well settled practice or custom within the Riverside County Sheriff's Department.

33. Plaintiff is further informed and believes, and thereupon alleges, that the conduct of the Defendant DOE Deputies in assaulting, battering, and subjecting Plaintiff to unreasonable and excessive force, and in subjecting Plaintiff to the unreasonable and excessive deployment of a K-9 officer, at a time when Plaintiff was unarmed and posed no threat of violence or risk of injury to the DOE Deputies or any other person, demonstrated that the DOE Deputies' training was inadequate to allow them to handle the usual and recurring situations faced by Riverside County Sheriff's deputies, as evidenced by the following specific actions and omissions of the DOE Deputies in their response to the subject incident:

    a. The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies to utilize additional officers,

departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which the Defendant DOE Deputies assaulted and battered Plaintiff and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, they acted in flagrant contravention of this well-established standard of care.

b. The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing force. Both prior to and during the time in which the Defendant DOE Deputies assaulted and battered Plaintiff and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, they acted in flagrant contravention of this well-established standard of care.

c. The tactical standard of care for law enforcement agencies similarly situated to the Riverside County Sheriff's Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential arrestee prior to using force. Both prior to and during the time in which the Defendant DOE Deputies assaulted and battered Plaintiff and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, they acted in flagrant contravention of this well-established standard of care.

///

34. Plaintiff is informed and believes, and thereupon alleges, that prior to June 6, 2015, the Defendant DOE Deputies received training and instruction in police tactics and police procedures from the Riverside County Sheriff's Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars, their attendance at "roll call" at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

35. Both prior to and on June 6, 2015, encounters with suspects and civilians, such as Plaintiff, were common among Riverside County Sheriff's Department deputies similarly situated to the Defendant DOE Deputies, and such encounters were a recurring situation faced by Riverside County Sheriff's Department deputies similarly situated to the DOE Deputies.

36. Plaintiff is informed, believes, and thereupon alleges that those individuals responsible for training the Defendant DOE Deputies, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher-ranking deputies, and authorized policy makers and decisions makers within the Riverside County Sheriff's Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above-referenced tactical training to sheriff's deputies similarly situated to the DOE Deputies would be that unarmed and nondangerous persons, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of force.

37. Plaintiff is further informed and believes, and thereupon alleges, that notwithstanding the fact that the training personnel responsible for training the

Defendant DOE Deputies, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher-ranking deputies, and authorized policy makers and decisions makers within the Riverside County Sheriff's Department, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above-referenced tactical training to sheriff's deputies similarly situated to the DOE Deputies would be that unarmed and nondangerous persons, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above-enumerated areas.

38. Plaintiff is informed, believes, and thereupon alleges that the failure of the Riverside County Sheriff's Department to provide adequate training to the Defendant DOE Deputies, as described in the foregoing paragraphs of this Complaint, caused Plaintiff to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of force and the unreasonable and excessive deployment of a K-9 officer, as previously described.

39. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the DOE Deputies, Plaintiff was assaulted and battered and subjected to unreasonable and excessive force and to the unreasonable and excessive deployment of a K-9 officer on June 6, 2015, and suffered severe injuries which include, but are not limited to, severe, permanent, and debilitating injuries to his legs.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

40. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

41. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

42. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE THIRD CAUSE OF ACTION

**(By Plaintiff SCOTT STONER Against All Defendants for Battery**

**[Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

43. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

44. All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

45. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, practice, custom, and/or usage, of rights, privileges, and immunities secured to Plaintiff by the laws of the State of California and the California Constitution.

46. During the early morning hours of Saturday, June 6, 2015, Plaintiff was at or around the intersection of Hansen Avenue and Countour Avenue in the City of Nuevo and County of Riverside and in an area adjacent to his motor vehicle when several

heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, detained Plaintiff following a vehicle pursuit.

47. Without warning, the Defendant DOE Deputies proceeded to subject Plaintiff to unreasonable and excessive force, inflicted through unreasonable, unlawful, and repeated applications of blunt force trauma, through acts which included, but were not limited to, excessive baton strikes to Plaintiff's person, forceful kicks to Plaintiff's person, and repeated punches to Plaintiff's person, as well as other unreasonable and unlawful applications of force, resulting in severe injuries to Plaintiff's person. The DOE Deputies further subjected Plaintiff to extensive bite injuries resulting from an unreasonable and excessive deployment of a K-9 officer, which caused Plaintiff to suffer severe, permanent, and debilitating injuries to his legs. Throughout the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not resisting the involved deputies, did not undertake any actions which would have led a reasonable sheriff's deputy to believe that he posed the risk of violence to any person, and did nothing to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

48. Both prior to and during the time in which the Defendant DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the DOE Deputies, nor to any other individual. Both prior to and during the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, Plaintiff was not resisting arrest or obstructing the DOE Deputies in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of

weapon, or had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which the DOE Deputies assaulted, battered, and subjected Plaintiff to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, the DOE Deputies were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk of injury to any person.

49. Plaintiff is informed and believes, and thereupon alleges, that in assaulting and battering him and subjecting him to unreasonable and excessive force and to the unreasonable and excessive deployment of the K-9 officer, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the DOE Deputies in an amount to be proven at the trial of this matter.

50. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the DOE Deputies, Plaintiff was assaulted and battered and subjected to unreasonable and excessive force and to the unreasonable and excessive deployment of a K-9 officer on June 6, 2015, and suffered severe injuries which include, but are not limited to, severe, permanent, and debilitating injuries to his legs.

51. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff has been required to

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

52.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

## (By Plaintiff SCOTT STONER Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])

53.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

54.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

55.     During the early morning hours of Saturday, June 6, 2015, Plaintiff was at or around the intersection of Hansen Avenue and Countour Avenue in the City of Nuevo and County of Riverside and in an area adjacent to his motor vehicle when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, detained Plaintiff following a vehicle pursuit.

56.     Without warning, the Defendant DOE Deputies negligently assessed the circumstances presented to them, and then proceeded to negligently and unjustifiably inflict physical injury upon Plaintiff through acts which included, but were not limited to, excessive baton strikes to Plaintiff's person, forceful kicks to Plaintiff's person, repeated punches to Plaintiff's person, the negligent deployment of a K-9 officer, and

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1 other negligent applications of force, which resulted in severe injuries to Plaintiff's
2 person which include, but are not limited to, severe, permanent, and debilitating injuries
3 to Plaintiff's legs. Throughout the time in which Plaintiff was negligently physically
4 injured by the DOE Deputies, Plaintiff was not resisting the involved deputies, did not
5 undertake any actions which would have led a reasonable sheriff's deputy to believe that
6 he posed the risk of violence or injury to any person, and did nothing to justify the force
7 used against him, and the same was excessive, unnecessary, and unlawful.

8  57.  Both prior to and during the time in which Plaintiff was physically injured
9 by the negligent conduct of the Defendant DOE Deputies, Plaintiff was not armed with
10 any kind of weapon, and posed no reasonable or credible threat of violence to the DOE
11 Deputies, nor to any other individual. Both prior to and during the time in which Plaintiff
12 was physically injured by the negligent conduct of the DOE Deputies, Plaintiff was not
13 resisting arrest or obstructing the DOE Deputies in the performance of their duties, and
14 made no aggressive movements, no furtive gestures, and no physical movements which
15 would suggest to a reasonable sheriff's deputy that he was armed with any kind of
16 weapon, or had the will, or the ability to inflict bodily harm against any individual. Both
17 prior to and during the time in which Plaintiff was physically injured by the negligent
18 conduct of the DOE Deputies, the DOE Deputies were not faced with any circumstances
19 which would have led a reasonable sheriff's deputy to believe that Plaintiff posed a risk
20 of injury to any person.

21  58.  Plaintiff is informed and believes, and thereupon alleges, that on and before
22 June 6, 2015, the Defendant DOE Deputies had a duty to exercise the reasonable and
23 ordinary care which would be expected of similarly situated peace officers in the use of
24 force and in the deployment of K-9 officers, and had a duty to exercise the reasonable
25 and ordinary care which would be expected of similarly situated peace officers in the
26 execution of police tactics and police procedures in approaching and/or attempting to
27 detain unarmed, non-dangerous civilians and/or suspects. Notwithstanding each of these
28 duties, the DOE Deputies failed to exercise reasonable and ordinary care in committing

**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Bl.
Suite 1010
(323)435-8205

the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to determine the fact that Plaintiff posed no threat of physical harm to any person prior to and during the course of the events alleged herein, negligently inflicting physical injury upon Plaintiff, as described herein, negligently employing physical force against Plaintiff when the same was unnecessary and unlawful, and negligently deploying a K-9 officer when the same was unnecessary and unlawful. All of these negligent acts proximately caused Plaintiff's injuries, which include, but are not limited to, severe, permanent, and debilitating injuries to Plaintiff's legs and other severe injuries to Plaintiff's person.

59. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff suffered severe and permanent injuries which include, but are not limited to, severe, permanent, and debilitating injuries to his legs and other injuries to his person.

60. As a further direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

61. As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services, treatment, and care and other medical services, treatment, and care in an amount according to proof at trial.

62. As a further proximate result of the negligent acts and omissions of the Defendants, and each of them, Plaintiff has lost wages and/or earnings and/or earning capacity in an amount according to proof at trial, and will lose additional wages and earnings in the future in an amount according to proof at trial.

///

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: May 20, 2016          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
　　BRIAN T. DUNN
　　MEGAN R. GYONGYOS
　　Attorneys for Plaintiff, SCOTT STONER